Lin v. Lynch

BIA
Hom, IJ
A70 908 073

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand sixteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

XUE YING LIN, AKA WING MUI TSEUNG,
> *Petitioner,*

v.                                            15-1838
                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Shelley
                       R. Goad, Assistant Director; Russell
                       J.E. Verby, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Ying Lin, a native and citizen of the People's Republic of China, seeks review of a May 14, 2015, decision of the BIA, affirming a September 27, 2013, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Ying Lin,* No. A70 908 073 (B.I.A. May 14, 2015), *aff'g* No. A70 908 073 (Immig. Ct. N.Y. City Sept. 27, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B)*; see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Lin's sole challenge on appeal is to the agency's determination that she failed to show a well-founded fear of persecution based on her prospective practice of Christianity in China.

"An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she

2

'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

I.   Pattern or Practice

The agency reasonably concluded that Lin failed to establish a pattern or practice of persecution of similarly-situated individuals.  To establish a pattern or practice of persecution against a particular group, an applicant must demonstrate that the harm to that group is "systemic or pervasive."  *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007).  The agency correctly concluded that Lin did not establish "systemic or pervasive" persecution of house-church Christians like herself because the country conditions evidence showed that small house churches, such as the one Lin testified she would attend, "do not generally encounter problems."  *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (affirming agency's finding of no pattern or practice of persecution of Catholics in Indonesia where evidence showed that religious

3

violence was not nationwide and that Catholics are generally free to practice their faith).  That finding is supported by the country conditions evidence.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to an applicant's evidence "lies largely within the discretion of the IJ") (internal quotation marks omitted).  The State Department's 2012 International Religious Freedom Report ("IRF Report"), for example, states that family and friends have the right to meet at home for worship, including prayer and Bible study, without registering with the government.

II.  Individualized Risk of Persecution

The agency also did not err in finding that Lin failed to show a reasonable possibility that she would be singled out individually for persecution.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (observing that, absent "solid support in the record," a fear of persecution is "speculative at best").  While the IRF Report and the State Department's 2012 Country Report on Human Rights Practices in China note detentions of a house-church pastors and harassment of large house-church congregations, the agency reasonably found that this evidence did not support a well-founded fear of persecution

4

for Lin because she was not a religious leader and would be attending a small underground church.

Lin argues that the agency ignored the most significant reason she fears persecution in China: her history of run-ins with Chinese authorities from her past pro-democracy activities. She contends that this personal history takes her outside the rubric of a typical house-church Christian, but that is beside the point. Lin did not claim that she would engage in pro-democracy activities in China and she did not argue that she had a well-founded fear of persecution based on her past pro-democracy activities before the BIA. Further, Lin testified that she had never been arrested or even detained by authorities. Even if Lin's prior run-ins result in her prospective underground church attendance being discovered, as set forth above, the agency reasonably concluded that the country conditions evidence did not show a reasonable risk of persecution for engaging in that religious activity.

Accordingly, the agency did not err in finding that Lin had failed to demonstrate a well-founded fear of persecution, and as a result failed to meet her burden for asylum and withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (explaining that an alien who fails to establish her entitlement to asylum "necessarily fails to establish h[er]

entitlement to withholding of removal" because withholding of removal entails a higher burden of proof).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk